THE STATE OF OHIO, APPELLANT, *v.* WILLS, APPELLEE.

[Cite as *State v. Wills* (1994), 69 Ohio St.3d 690.]

(No. 93–1333—Submitted May 10, 1994—Decided July 27, 1994.)

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Walter F. Ruf*, Assistant Prosecuting Attorney, for appellant.

*John H. Rion & Associates* and *John H. Rion*, for appellee.

PFEIFER, J. The single question before this court is whether the separate armed robberies of Eric Stone and Andre Stroud Thomas were a single "transaction" for purposes of the firearm specification statute, R.C. 2929.71(B). The statute provides:

"If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *."

We hold that the separate robberies of Stone and Thomas were separate transactions within the meaning of R.C. 2929.71(B). When it enacted R.C. 2929.71, the General Assembly intended to separately punish each criminal transaction committed with the assistance of firearms. Each separate criminal transaction performed with the assistance of a firearm is punishable by a mandatory three-year sentence. The language in R.C. 2929.71(B) instructs the courts on how to treat those cases where multiple offenses are committed with the assistance of a firearm by the same defendant. The statute states that separate mandatory sentences are appropriate unless the separate punishable criminal offenses were part of the same transaction or act.

This court has never defined the word "transaction" as it is used in R.C. 2929.71(B). To do so, we adopt the test used by the Court of Appeals for Summit County, which defined "transaction" as " 'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.' " *State v. Caldwell* (Dec. 4, 1991), Summit App. No. 14720, unreported, at 26–27, 1991 WL 259529.

By applying this standard to the present case, we conclude that the armed thefts of Stone and Thomas were not part of a series of continuous acts. Wills and his cohorts singled out Stone first, surrounded him, pulled out a gun and then under threat of force robbed him. After completing this task they then targeted Thomas, surrounded him, beat him, pulled out a gun, and then robbed him. Wills should serve no less time because of the coincidental proximity of his two victims.

The sentence of the trial court is reinstated and the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

A.W. SWEENEY, J., dissents.