[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After reviewing the challenged incidents of alleged prosecutorial misconduct, we conclude that, for the most part, the prosecutor's conduct was not improper. Further, any improper conduct that did occur did not prejudicially affect appellant's rights or deprive him of a fair trial. Further, he did not object to most of the incidents, and any improper conduct did not rise to the level of plain error. See State v. Smith (2000), 87 Ohio St.3d 424,721 N.E.2d 93; State v. Hirsch (1998), 129 Ohio App.3d 294,717 N.E.2d 789; State v. Heard (Aug. 13, 1999), Hamilton App. No. C-980443, unreported. Accordingly, we overrule appellant's first assignment of error.
Appellant has not demonstrated that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel. See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. That counsel may have pursued a better strategy does not mean that counsel breached an essential duty to the client. See State v. Clayton (1980),62 Ohio St.2d 45, 402 N.E.2d 1189. Accordingly, we overrule appellant's second assignment of error.
Appellant failed to file a motion seeking separate trials for the counts in the indictment relating to different victims. Since he failed to raise the issue in the trial court, he waived any claim of error regarding joinder of the charges for trial. See State v. Campbell (1994), 69 Ohio St.3d 38,630 N.E.2d 339; State v. Knight (1984), 20 Ohio App.3d 289, 485 N.E.2d 1064. Even if he had raised the issue, the evidence relating to each of the offenses was simple and direct, and the jury was capable of segregating the proof required for each offense. State v. Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972; State v. Clifford (Aug. 6, 1999), Hamilton App. No. C-980291, unreported. Appellant has not demonstrated that his rights were prejudiced by the joinder of the charges for trial, and, therefore, we overrule his third assignment of error. See State v. Torres (1981), 66 Ohio St.2d 340,421 N.E.2d 1288; State v. Norman (Dec. 3, 1999), Hamilton App. Nos. C-980874 and C-980872, unreported.
The state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that appellant committed the offenses charged in the indictment. Therefore, the evidence was sufficient to support his convictions. See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Further, after reviewing the record, we cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the convictions and order a new trial. Therefore, appellant's convictions are not against the manifest weight of the evidence, and we overrule his fifth assignment of error. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Allen (1990), 69 Ohio App.3d 366,590 N.E.2d 1272.
The trial court improperly ordered appellant to serve consecutive sentences on the firearm specifications in counts four and six of the indictment, because those specifications arose out of the same act or transaction. See R.C. 2929.14(D)(1)(a); State v. Wills (1994), 69 Ohio St.3d 690, 635 N.E.2d 370; State v. Kehoe (May 17, 1999), Clinton App. No. CA98-02-006, unreported; State v. Henderson (July 24, 1998), Hamilton App. Nos. C-960734 and C-961072, unreported. Accordingly, we sustain appellant's fifth assignment of error and vacate the sentences imposed by the trial court. We affirm the trial court's judgment in part, reverse in it in part, and remand the matter for resentencing.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and GORMAN, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _____________________________.
Presiding Judge