JOURNAL ENTRY AND OPINION
This is an appeal from the judgment of the trial court which sentenced Defendant-appellant Lavelle Gary a.k.a. Levelle Gary ("defendant") to a total of 33 years incarceration for three counts of rape, with two carrying firearm specifications and from the judgment which found the defendant to be a sexual predator under R.C. 2950.01(E). For the reasons set forth below, we affirm in part the judgment of the trial court and reverse in part and remand for resentencing.
The presentence investigation report revealed that on December 3, 1999, the defendant picked up the victim, Ms. Td., from her high school and was planning to take her to her doctor appointment. The defendant told his victim that he first had to stop at his house to use the bathroom. They went inside the house, and the victim waited in the living room as the defendant used the bathroom. When he returned to the living room, the defendant asked the victim to have sex with him. The victim refused and attempted to leave. At that point, the defendant grabbed the victim around her neck and threw her to the ground. He duct-taped her eyes and mouth. When she removed the tape, the defendant stated "stop struggling and calm down or I will kill you." He reapplied the duct-tape, led her to a bedroom upstairs and ordered her to remove all of her clothes. He ordered her to the bed and proceeded to rape the victim. The defendant allowed the victim to get dressed and escorted her back downstairs. The defendant then drove the victim home. The victim proceeded to Euclid Hospital for treatment. The police arrested the defendant and received consent to search the defendant's home. The police discovered a blood stain on the carpet next to a piece of used duct tape and two used condoms in the trash.
On January 3, 2000, while out on bond and awaiting trial of the first rape, the defendant was involved in another encounter, this time with two other victims: Ms. T. and Ms. P. who were both fifteen years of age. They were picked up by the defendant and brought to his house. The defendant had previously made arrangements to have Ms. P. braid his hair. When they arrived at his house, the defendant went upstairs to take a bath and wash his hair while both girls watched television in the living room. The defendant came downstairs and proceeded to lock the door with a key. He then pointed a gun at them and told them to remove their clothes. The defendant struck Ms. P. several times. The defendant told Ms. T. to duct-tape Ms. P's mouth and eyes, and then her own. He led them to the upstairs bathroom and told them to shower, which they did. He then took them to the third floor and raped Ms. T. The defendant then took Ms. P. into the bedroom and raped her. He returned to Ms. T. and raped her again. The defendant then led both of them downstairs and made them watch television. The defendant then took Ms. P. upstairs and again raped her. At that point, Ms. T. attempted to leave, but could not find the key to the door. The defendant took Ms. T. to the bedroom on the second floor and again raped her. He then gave them their clothes back, forced them to read a passage from the Bible, gave them $50 and allowed them to leave. They went home, called the police and were transported to the hospital for treatment.
The defendant pleaded guilty to the rape of Ms. Td. in violation of R.C. 2907.02, a felony in the first degree. Count two of the indictment, kidnapping, was dismissed by the prosecution. In his second case, the defendant pleaded guilty to two counts of rape, each with a three-year firearm specification. All other counts were nolled. The defendant appeals the sentence imposed by the trial court and the trial court's finding that the defendant is a sexual predator, stating six assignments of error.
 I. THE TRIAL COURT ERRED IN SENTENCING MR. GARY TO MULTIPLE THREE-YEAR TERMS OF IMPRISONMENT ATTENDANT TO THE FIREARM SPECIFICATIONS CONTAINED IN COUNTS THREE AND SIX, RESPECTIVELY, OF CR-385910.
In his first assignment of error, the defendant claims that the trial court erred in failing to merge the firearm specifications into one. We disagree.
R.C. 2929.14(D)(1)(b) provides in relevant part, "A court shall not impose more than one prison term on an offender * * * for felonies committed as part of the same act or transaction." The language "same act or transaction" is identical to that used in the now repealed R.C. 2929.71. In State v. Wills (1994), 69 Ohio St.3d 690, 691, 635 N.E.2d 370, the Ohio Supreme Court defined the word "transaction" as it was used in the prior code section as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective" citingState v. Caldwell, 1991 Ohio App. LEXIS 5879, (Dec. 4, 1991) Summit App. No. 14720, unreported.
In this instance, we must apply the Wills analysis and review the evidence to determine if the defendant's actions were a part of a series of continuous acts bound together by time, space and purpose and directed toward a single objective. From the facts presented, we cannot find that the use of the firearm was a part of the same transaction. The defendant had two distinct objectives; one to rape Ms. T. and one to rape Ms. P. Therefore, this assignment of error is overruled.
 II. THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERMS OF IMPRISONMENT ON MR. GARY, WHO HAD NOT BEEN PREVIOUSLY IMPRISONED, WITHOUT MAKING THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(B).
R.C. 2929.14(B) provides, in relevant part:
 Except as provided in section 2907.02 of the Revised Code * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
The exception contained in R.C. 2907.02 provides, in relevant part:
 (A) (1)(a) For the purpose of preventing resistance, the offender substantially impairs the other person's * * * control * * * by force * * *.
 (B) Whoever violates this section is guilty of rape, a felony of the first degree. If the offender under division (A)(1)(a) of this section substantially impairs the other person's * * * control * * * by force * * * the prison term imposed upon the offender shall be one of the prison terms prescribed for a felony of the first degree in section 2929.14 of the Revised Code that is not less than five years.
Pursuant to these sections, the trial court was required to impose an indefinite term of imprisonment ranging from five to ten years. The trial court was not required to impose the minimum term of three years as outlined in R.C. 2929.14(A)(1) and acted within its authority in imposing nine years incarceration on each rape charge.
The defendant contends that the trial court failed to consider the seriousness and recidivism factors as required by 2929.14 (B). The trial court was not required to consider these factors. Pursuant to R.C.2929.12(A)
 Unless required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors * * * relating to the seriousness of the conduct and the factors * * * relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. (Emphasis added.)
The exception contained in 2929.13 (F) states, in relevant part:
 * * * the court shall impose a prison term or terms under * * * section 2971.03 * * * for any of the following offenses:
 (2) Any rape, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape by force or when the victim is under thirteen years of age.
Therefore, under the exception to R.C. 2929.12, the court was not required to consider seriousness and recidivism factors before imposing more than the minimum sentence. This assignment of error is not well-taken.
 III. THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(E)(4).
Defendant argues that the trial court failed to state its reasons for imposing consecutive sentences. We agree with the defendant.
Pursuant to R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record giving the reasons for imposing consecutive sentences. State v. Corrigan,
2000 Ohio App. LEXIS 2258 (May 25, 2000), Cuyahoga App. No. 76124, unreported, citing: State v. Stroud, 1999 Ohio App. LEXIS 5080 (Oct. 28, 1999), Cuyahoga App. No. 74756, unreported.
Pursuant to R.C. 2929.14(E), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of the following findings enumerated in the statute:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 (5) When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed.
While the trial court need not use the exact words of the statute, it must be clear from the record that the trial court made the required findings. State v. Garrett, 1999 Ohio App. LEXIS 4083, (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported, citing: State v. Veras,
1999 Ohio App. LEXIS 3229 (July 8, 1999), Cuyahoga App. Nos. 74416, 74466, unreported.
In this case, the trial judge found that this rape case was one of the "most horrendous cases I have had in seven years." (T. 46).[1]
Additionally, the court found on the record that the defendant:
 * * * caused physical and emotional harm to all of these victims, and emotional harm to the families. The age of these victims is only fifteen and seventeen years old.
 These are young women. There are multiple victims in this case. And the second case, three weeks to a month later, you raped two more in a mean, and even more violent fashion. And for the abuse of tying these women up with duct tape, making them read from the Bible, and using a gun. * * * And the cruelty of the threats. * * * And I think these indicate that there is a high likelihood that you're going to rape again. (T. 47-48)
However, the court did not explicitly engage in the analysis required by the statute. The court failed to state that consecutive sentences are necessary to protect the public from future crime. The court did not indicate whether consecutive sentences were necessary to punish the defendant and did not indicate whether consecutive sentences were disproportionate to the seriousness of the defendant's conduct and to the danger posed by the defendant to the public. The trial court discussed the harm caused by the offenses but did not indicate whether it was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the defendant's conduct. R.C.2929.14(E)(3)(b). The record therefore reflects that the trial court did not comply with the statutory requirements of R.C. 2929.14(E). See Statev. Albert (1997), 124 Ohio App.3d 225, 230, 705 N.E.2d 1274.
Accordingly, the consecutive terms are hereby reversed, and the matter is remanded in order for the trial court to determine whether consecutive terms may be imposed in accordance with law and this opinion. This assignment of error is well-taken.
 IV. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT MR. GARY IS "LIKELY TO ENGAGE IN THE FUTURE" IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 V. ASSUMING, ARGUENDO, THAT SUFFICIENT EVIDENCE WAS INTRODUCED TO SUSTAIN THE TRIAL COURT'S FINDING THAT MR. GARY WAS A SEXUAL PREDATOR, THE TRIAL COURT IMPROPERLY APPLIED THE LEGAL CRITERIA FOR DETERMINING WHETHER MR. GARY WAS A SEXUAL PREDATOR.
We address together these interrelated assignments of error. In his fourth assignment of error, the defendant complains that the evidence was insufficient to support a finding by clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses. In his fifth assignment of error, the defendant contends that, assuming arguendo sufficient evidence existed to support a sexual predator designation, the trial court erred in applying the legal criteria as listed in R.C. 2950.09.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Pursuant to R.C. 2950.09(B)(2):
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
While the above listed factors are to be considered, the statute does not require that each factor be satisfied in order to make a determination that a defendant is a sexual predator. State v. Gregory,
1999 Ohio App. LEXIS 4670 (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported, citing State v. Tracy, 1998 Ohio App. LEXIS 2200 (May 20, 1998), Summit App. No. 18623, unreported.
The conclusion that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B)(3), See State v. Cook
(1998), 83 Ohio St.3d 404, 408, 700 N.E.2d 570. The clear and convincing evidence standard:
 * * * is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
State v. Eppinger (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881, citingCross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, paragraph three of the syllabus.
In reviewing a clear and convincing standard, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, citing Ford v.Osborne (1887), 45 Ohio St. 1, 12 N.E. 526, paragraph two of the syllabus. However, it is well settled that where competent and credible evidence exists to support the findings and conclusions of the trial court, a reviewing court must afford great deference to those findings and conclusions. An appellate court must not substitute its judgment for the judgment of the trial court. Seasons Coal v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276; Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
The defendant also contends that the state did not introduce evidence in support of its case. This court has held that the evidentiary standards for a sexual predator hearing are similar to those for a sentencing. State v. Perez, 2001 Ohio App. LEXIS 2882 (June 28, 2001) Cuyahoga App. No. 78118. Therefore, the presentence report contained more than adequate information upon which the trial court could base its decision.
In this case, the record reveals that there were a total of three victims, all of whom were minors. The victims all suffered physical and emotional harm. There was also emotional harm to families of the victims. There were multiple victims, and in the case of Ms. Townsend and Ms. Payne-Huston, there were multiple rapes. The trial judge noted the cruel and threatening manner in which the rapes of Ms. Townsend and Ms. Payne-Huston took place. The defendant had duct taped both girls' mouths and eyes, and threatened them with a gun. After the rapes, the defendant forced the girls to read a passage from the Bible. All of this happened while the defendant was out on bond from the rape charge that occurred just one month prior; when the defendant raped his first victim, duct taping her mouth and eyes and threatening to kill her. The defendant's actions demonstrate a pattern and make him likely to engage in the future in one or more sexually oriented offenses. Therefore, we conclude that the trial court properly applied the relative statutory factors and correctly determined that the defendant is a sexual predator.
 VI. THE FACTORS LISTED IN R.C. 2950.09 (B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, WHERE THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE APPLIED.
In his sixth assignment of error, the defendant complains that the sexual predator statute deprives him of liberty without due process of law. He states that the legislature failed to provide guidance regarding how to apply the statutory factors listed in R.C. 2950.09, and therefore the statute is subject to arbitrary application by trial judges. The defendant also complains that this district has failed to address this precise issue in past rulings concerning R.C. 2950.09. We disagree.
Despite the defendant's contention, this district has addressed the precise issue he raises in his sixth assignment of error. As we stated in State v. McKinney, (2001) Ohio App. LEXIS 242 (Jan. 25, 2001), Cuyahoga App. No. 77659, unreported:
 This argument ignores the fundamental inquiry that the legislature directs the court to perform, that is, to determine whether there is clear and convincing evidence that the offender is likely to engage in the future in one or more sexually oriented offenses. The statute requires the court to consider all relevant factors, including but not limited to the listed factors. Neither the clear and convincing evidence standard nor the assessment of the likelihood of the defendant's future conduct is subject to arbitrary application. State v. Williams (2000), 88 Ohio St.3d 513, 533-534, 728 N.E.2d 342; State v. Ward (1999), 130 Ohio App.3d 551, 569, 720 N.E.2d 603; State v. Gibson, 2000 Ohio App. LEXIS 5705 (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported at 10. The statute's broad description of the factors courts should consider in making this assessment is necessary to allow for individual evaluations. Williams, supra. at 534.
Moreover, the Supreme Court in Williams rejected a void-for-vagueness challenge and determined that the law provides sufficient standards to prevent arbitrary and discriminatory enforcement. Williams, supra at 533. This claim is without merit.
Judgment affirmed in part, reversed in part, and remanded.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] The trial court conducted the sexual predator hearing immediately prior to the sentencing, pursuant to R.C. 2950.09 (B)(1). It is this portion of the record that is cited above.