[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On April 14, 2001, defendant-appellant Tameka Jones shot Harry Crawford in the arm with a handgun. She went to another location about ten minutes later and shot Kinta Clay with the same gun. As a result of a plea bargain, Jones plead guilty to two counts of felonious assault in violation of R.C. 2903.11 (A)(2) and to one gun specification on each count. The trial court sentenced Jones to two years on each felonious-assault charge, to be served concurrently. The trial court also sentenced Jones to a mandatory three-year sentence on each gun specification. The specification sentences were to be served consecutively and were also made consecutive to the felonious-assault sentences, for a total sentence of eight years.
In a single assignment of error, Jones contends the trial court erred as a matter of law when it sentenced her to two consecutive three-year terms of actual incarceration on the gun specifications She claims that the facts in this case showed that the felonious assaults were part of a single, continuous transaction. We disagree.
R.C. 2929.14(D)(1)(a) provides that a court shall impose a mandatory prison term on offenders who have been convicted of or pleaded guilty to a felony and a gun specification. R.C. 2929.14(D)(1)(b) further provides that "[a] court shall not impose more than one prison term for felonies under division (D)(1)(a) of this section for felonies committed as part of the same act or transaction." The Ohio Supreme Court has defined the term "transaction" as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective."[1]
This court has generally held that multiple felonious assaults committed with a firearm constitute the same transaction for purposes of gun-specification sentencing, where the evidence demonstrates that the defendants had shot at multiple victims either simultaneously or within seconds or moments of each other.[2]
During Joneses' plea hearing, the assistant prosecuting attorney read the indictments and gun specifications into the record. The indictment established that Jones had committed two felonious assaults on the same day against separate victims. The assistant prosecuting attorney then added the fact that Jones had become involved in an altercation and shot Harry Crawford in the arm. Ten minutes later, she began fighting with Kinta Clay and shot him in the arm. Jones accepted the facts as presented by the state at her plea hearing. The trial court, before accepting Joneses' plea, told her that although her trial counsel was going to argue at sentencing that the specification sentences should run concurrently, it felt that the specifications sentences should be consecutive. At the sentencing hearing, the trial court asked Jones where the shootings had taken place. Jones stated that the first shooting occurred at the home where she was staying, while the second shooting occurred at another address.
In reviewing the facts presented at the plea and sentencing hearings, we cannot say that the trial court erred as a matter of law in finding the two shootings to be independent acts punishable by consecutive sentences. Although Jones argues to the contrary, there is nothing in the record to show that the shootings of Crawford and Kinta, which occurred ten minutes apart at separate locations, were part of a series of continuous acts bound together by time, space, and purpose. Consequently, we overrule the sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] State v. Wills, 69 Ohio St.3d 690, 691, 1994-Ohio-417,635 N.E.2d 370.
[2] State v. Anderson (Feb. 6, 1998), 1st Dist. No. C-950608; State v.Johnson (Sept. 25, 1996), 1st Dist. No. C-950493; State v. Bonner (Feb. 2, 1994), 1st Dist. No. C-930202.