{¶ 1} This is a delayed appeal challenging the Belmont County Court of Common Pleas' imposition of consecutive sentences for two gun specifications on two counts of aggravated assault. Martyn L. Krupa ("Appellant") maintains that the consecutive sentences imposed are contrary to law. The record reflects that the five-year sentence Appellant received in this case stemmed from a valid negotiated plea agreement. Under R.C. 2953.08(D) such a sentence is not subject to review. Consequently, we must dismiss this appeal.
 {¶ 2} On November 2, 2001, the Powhatan Point Police Department dispatched two officers to Appellant's home to investigate reports of a domestic dispute between Appellant and his wife. When the officers arrived, Appellant intercepted them armed with a shotgun, and fired one round into the police cruiser before they managed to exit the vehicle. The round struck the front of the cruiser under the driver's side headlight.
 {¶ 3} A grand jury indicted Appellant on two counts of attempted murder under R.C. 2923.02(A) and 2903.02(A), and two counts of felonious assault in violation of R.C. 2903.11(A)(2). Each count carried with it a specification based on Appellant's use of a firearm during the incident, which, upon conviction would require Appellant to serve an additional three-year term as provided under R.C. § 2941.145. Initially, Appellant pleaded not guilty to the aforementioned charges.
 {¶ 4} On January 15, 2002, Appellant and the State of Ohio ("Appellee") reached an agreement where Appellee dismissed the felonious assault charges and reduced the attempted murder counts. Appellant agreed to withdraw his not guilty plea and entered guilty pleas to two counts of aggravated assault on a peace officer, which under R.C. 2903.12(A)(2) is a third degree felony. Those charges retained the firearm specifications but decreased Appellant's exposure thereunder from three years imprisonment under R.C. 2941.145 to one year under R.C. 2941.141. The agreement also specifically stated and Appellant specially agreed that he would receive an aggregate sentence of five years, a sentence substantially shorter that he could have received had the agreement not been in place.
 {¶ 5} In the apparent hope that, despite his agreement to a five-year sentence, the court would take pity on Appellant and actually sentence to something less than the agreed term, Appellant presented mitigation evidence at his sentencing hearing. At the sentencing hearing witnesses spoke or submitted letters generally attesting to Appellant's good character. These witnesses suggested that the actions Appellant took on Nov. 2, 2001 were aberrant, and were primarily caused by extreme alcohol abuse. While Appellant retained little independent memory of the shooting incident or the preceding altercation, he was contrite at the sentencing hearing. As the trial court noted at the close of sentencing, everyone involved with Appellant at that juncture concluded that he suffered from chronic alcohol abuse and required extensive treatment. (Feb. 8, 2002, Sentencing Hearing Tr., pp. 13-15, 17-18).
 {¶ 6} The trial court then imposed concurrent terms of three years each on the aggravated assault of a peace officer counts, stating: "[h]owever, in addition thereto it is ordered that the offender serve a mandatory sentence of two years, that is, one year on each specification, in prison for the violations of law contained in the two specifications accompanying his indictment, wherein the offender had a firearm on or about his person or under his control. The mandatory sentences shall be served consecutively with the three-year concurrent sentences for a total of five years in the penitentiary." (Feb. 8, 2002, Sentencing Hearing Tr., p. 15). Thus, Appellant received the agreed sentence. An order memorializing that judgment was entered on February 21, 2002.
 {¶ 7} On May 21, 2002, Appellant filed a pro se motion requesting leave of this Court to appeal from trial court's decision and the appointment of appellate counsel. In a Journal Entry issued on June 10, 2002, this Court sustained Appellant's request to file a delayed appeal and appointed counsel to assist him on appeal. Appellant now alleges the following assignments of error:
 {¶ 8} "The Trial Court Committed Plain Error When It Ordered Krupa To Serve His Firarm Specification Sentences Consecutively In Violation Of R.C. 2929.14(D)(1), The Sixth And Fourteenth Amendements To The United States Constitution And Article I, Sections 10 And 16 Of The Ohio Constitution. (S.Tr. p. 15).
 {¶ 9} "Martyn Krupa Was Denied His Constitutional Right To Effective Assistgnace Of Counsel Under The Sixth AndFourteenth Amendments To The United States Constitution When His Attorney Failed To Object To The Trial Court's Improper Sentence. (S.Tr., p. 15)."
 {¶ 10} As alternative grounds for the same challenge, we will treat these assignments of error as one.
 {¶ 11} Appellant contends that R.C. 2929.14(D)(1) proscribed the imposition of the mandatory one-year terms on the two firearm specifications consecutively to each other. R.C. 2929.14(D)(1)(a) and (b) provide in relevant part that, "if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification * * * [a] court shall not impose more than one prison term on an offender under [this section] for felonies committed as part of the same act or transaction." According to Appellant the gunshot round fired into the Powhatan Point officers' cruiser was a single act or transaction for which he should receive only one firearm penalty.
 {¶ 12} A "transaction" is "a series of continuous acts bound together by time, space, and purpose, and directed toward a single objective." State v. Kehoe (1999), 133 Ohio App.3d 591, 616,729 N.E.2d 431; quoting, State v. Wills (1994), 69 Ohio St.3d 690, 691,635 N.E.2d 370. This Court has agreed that multiple gun specifications counts involving the same act or transaction should run concurrently.State v. Herring, 7th Dist. No. 00 JE 37, 2002-Ohio-2786. Nevertheless, it is also true that multiple victims often mean that the offender had more than one objective warranting consecutive terms. State v. Gary, 8th Dist. No. 79224, 2002-Ohio-588. Importantly, there were two victims in this case.
 {¶ 13} It would be hard to tell what Appellant's objective was when he fired a single shotgun shell into the front of the Powhatan officers' cruiser. Given his inebriated condition, his reasons were obscure, at best. A credible argument could also be made that Appellant did not realize the police cruiser contained two officers when he fired. Given the facts of this case it is hard to imagine that Appellant entertained dual objectives, or any coherent objective for that matter, when he undertook this reckless act. It is certainly possible to conclude from the record that the trial court should not have imposed the sentences for the firearm specifications consecutively.
 {¶ 14} That said, this appeal must fail because the sentence was imposed pursuant to a negotiated plea agreement where the five year sentence was a joint recommendation of Appellant and the State. R.C.2953.08 governs the right and scope of appeals directed at sentencing. Section (D) of that provision explicitly prohibits this Court from entertaining this appeal. Specifically, the law states in pertinent part that, "a sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 15} We are also barred from reviewing this case because the sentence, in its aggregate, does not exceed the statutory maximum and, therefore, does not contravene law. A sentence is authorized by law if the prison term imposed does not exceed the maximum term prescribed by statute. State v. Carter, 10th Dist. No. 02AP-294, 2002-Ohio-6967, ¶ 15; see, also, State v. Rhodes, 7th Dist. No. 2000 CO 60,2002-Ohio-3056, and cases cited therein. Appellant pleaded guilty to two third-degree felonies and their attendant firearm specifications. Leaving out the question as to whether consecutive sentences could be imposed on the aggravated assault counts, the maximum term for a third degree felony is five years. With the additional one-year consecutive term required for the firearm specification, the trial court could have validly imposed a sentence of six years. Had the prosecution not dismissed the felonious assault charges, Appellant could have received a twelve-year term.
 {¶ 16} We also note that the trial court included findings required under R.C. § 2929.14(C), which would have supported the imposition of a maximum sentence had it chosen to do so, when it observed:
 {¶ 17} "Court specifically finds that the defendant is an offender who has not previously served time in a penitentiary; however, I reserve my discretion pursuant to 2929.14(C) to impose a longer term because the offender committed a most serious form of the offense of aggravated assault upon two peace officers while recklessly using a deadly weapon placing them in fear for their lives and causing a disruption in the community as well as placing the general public in fear of harm, which actions could have easily resulted in death or serious injury to numerous persons." (Feb. 8, 2002, Sentencing Hearing Tr. p., 14).
 {¶ 18} Under the circumstances, the five-year term that the trial court imposed here, in its aggregate, did not exceed the statutory maximum and was therefore, not contrary to law.
 {¶ 19} Since the record further reflects that this sentence was imposed by the sentencing judge pursuant to an agreement between the prosecution and the Appellant, this Court is essentially barred by operation of law from considering the issues Appellant raises herein. Under the circumstances, the appeal is hereby dismissed.
Donofrio, J., concurs.
DeGenaro, J., dissents; see dissenting opinion.