**[Cite as *State v. Smith*, 2025-Ohio-2105.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**

  **V.**

**DONIVON J. SMITH,**

    **DEFENDANT-APPELLANT.**

**CASE NO. 8-24-28**

**OPINION AND JUDGMENT ENTRY**

Appeal from Logan County Common Pleas Court
Trial Court No. CR 23 09 0221

**Judgment Affirmed**

**Date of Decision:  June 16, 2025**

**APPEARANCES:**

    *William T. Cramer* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Donivon J. Smith ("Smith"), appeals the April 18, 2024 judgment entries of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm appellate case number 8-24-28.

{¶2} This case originates from a series of events in May, July, and August in 2023, culminating in three separate indictments against Smith. The initial incident on May 2, 2023 (case number CR23 09 0211) involved Smith shooting someone with a pellet gun at a local park.

{¶3} The second incident (case number CR23 07 0173) stemmed from a July 12, 2023 altercation at Oakland Square Park in Bellefontaine, Ohio where Smith, along with Kyle Richardson ("Richardson") and another friend, were allegedly involved in a fight, and Smith subsequently threatened a victim. All three were indicted on August 9, 2023 for charges related to this Oakland Square Park incident. Tragically, however, on the same day as this indictment, law enforcement found Richardson dead from a self-inflicted gunshot wound after a standoff.

{¶4} The third set of charges against Smith arose from events on August 14, 2023 (case number CR23 09 0221), during which Smith and his associates retaliated following Smith's indictment related to the Oakland Square Park altercation and the subsequent death of Richardson. This retaliation encompassed three separate locations and incidents, beginning with an entry into a residence separate and apart

from the subsequent drive-by shootings. First, around 1:00 am, Smith and several associates entered a residence on South Detroit Street in Bellefontaine, Ohio. Finding their intended target absent, they retreated but fired a bullet into a vehicle parked outside. Thereafter, they engaged in two separate drive-by shootings: the first around 1:08 am at a residence on West Brown in Oakland Square Park, and the second approximately fourteen minutes later, at 1:22 am at a residence on Crescent Drive in Russells Point, Ohio. The second drive-by shooting was undertaken at the request of Smith's accomplice as a separate venture. In particular, the accomplice sent threatening text messages to a relative of the residents, indicating a separate and distinct motivation from the earlier shooting.

{¶5} On August 9, 2023, the Logan County Grand Jury indicted Smith in case number CR23 07 0173 on Count One of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony; Count Two of assault in violation of R.C. 2903.13(A), (C), a first-degree misdemeanor; Count Three of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B)(1), (D), a third-degree felony; and Count Four of aggravated menacing in violation of R.C. 2903.21(A), (B), a first-degree misdemeanor. On August 11, 2023, Smith appeared for arraignment and entered pleas of not guilty.

{¶6} Thereafter, on September 12, 2023, the Logan County Grand Jury indicted Smith in case number CR23 09 0211 on a single count of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony. Also on

September 12, 2023, the Logan County Grand Jury indicted Smith in case number CR23 09 0221 on 12 Counts: Count One of complicity to aggravated burglary in violation of R.C. 2911.11(A)(1), 2923.03, a first-degree felony; Count Two of complicity to criminal damaging or endangering in violation of R.C. 2909.06(A)(1) and 2923.03, a second-degree misdemeanor; Counts Three and Eight of complicity to improperly discharging a firearm at or into a habitation or school safety zone in violation of R.C. 2923.161(A)(1) and 2923.03, second-degree felonies; Counts Four, Five, Nine, and Ten of complicity to felonious assault in violation of R.C. 2903.11(A)(2) and 2923.03, second-degree felonies; Counts Six, Seven, Eleven, and Twelve of complicity to attempted murder in violation of R.C. 2923.02(B), 2923.02, and 2923.03, first-degree felonies. The indictment included a three-year firearm specification under R.C. 2941.145(A) and a five-year discharge of a firearm from a motor vehicle ("drive-by") specification under R.C. 2941.146(A) as to Counts Three through Twelve. Smith appeared for arraignment on September 15, 2023 and pleaded not guilty to the counts and specifications in the indictments in case numbers CR23 09 0211 and CR23 09 0221.

{¶7} On March 13, 2024, Smith withdrew his pleas of not guilty and entered a guilty plea to an amended Count One in case numbers CR23 07 0173 and CR23 09 0211 and to Counts Three and Eight along with the drive-by specifications in case number CR23 09 0221. In exchange for his change of pleas, the State agreed to dismiss the remaining counts and specifications in case numbers CR23 07 0173

and CR23 09 0221, and to amend Count One in case numbers CR23 07 0173 and CR23 09 0211 to attempted felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), 2923.02, third-degree felonies. The trial court accepted Smith's guilty pleas, found him guilty, dismissed the remaining counts and specifications in case number CR23 07 0173 and CR23 09 0221, and ordered a pre-sentence investigation.

{¶8} On April 17, 2023, the trial court sentenced Smith to 12 months in prison in case number CR23 07 0173, to 12 months in prison in case number CR23 09 0211, to a minimum term of 2 years to a maximum term of 3 years in prison on Count Three in case number CR23 09 0221, to 2 years on Count Eight in case number CR23 09 0221, and to 5 years as to each specification.[1] The trial court ordered Smith to serve the prison terms imposed in case numbers CR23 07 0173, CR23 09 0211, and Count Three and the specifications in case number CR23 09 0221 consecutively. The trial court further ordered Smith to serve the prison term imposed as to Count Eight in case number CR23 09 0221 concurrently to the consecutive terms imposed as to case numbers CR23 07 0173, CR23 09 0211, and Count Three and the specifications in case number CR23 09 0221 for an aggregate prison sentence of a minimum term of 14 years to a maximum term of 15 years in prison.

---

[1] The trial court filed its judgment entries of sentence on April 18, 2024.

{¶9} Smith filed his notices of appeal on May 17, 2024 and this court consolidated the cases for purposes of appeal. Smith raises one assignment of error for our review as to case number CR23 09 0221, assigned appellate case number 8-24-28. Because Smith failed to assign any error as to case number CR23 07 0173, assigned appellate case number 8-24-26, or case number CR23 09 0211, assigned appellate case number 8-24-27, we dismissed those appellate cases.

## Assignment of Error

**Appellant's due process rights were violated when the trial court imposed two drive-by specification in violation of R.C. 2929.14(B)(1)(c)(iii).**

{¶10} In his sole assignment of error, Smith argues that the trial court erred by imposing sentences on the drive-by specifications as to Counts Three and Eight in contravention of R.C. 2929.14(B)(1)(c)(iii), which prohibits courts from imposing an additional prison term for felonies committed as part of the same act or transaction.

### *Standard of Review*

{¶11} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a

firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶12}** In this case, Smith was convicted of two counts of complicity to improperly discharging a firearm at or into a habitation or school safety zone and each conviction included a five-year firearm specification under R.C. 2941.146. A firearm specification under R.C. 2941.146 concerns the discharge of a firearm from a motor vehicle and is known as a drive-by specification.

**{¶13}** "R.C. 2929.14(B)(1)(c)(iii) provides that a sentencing court shall not impose more than one additional prison term on an offender for a five-year drive-by specification 'for felonies committed as part of the same act or transaction.'" *State v. Moore*, 2023-Ohio-4445, ¶ 27 (2d Dist.), quoting R.C. 2929.14(B)(1)(c)(iii). "In other words, 'R.C. 2929.14(B)(1)(c)(iii) limits imposing a single five-year sentence on the "drive-by" specification and provides that they must merge with the same five-year firearm specification in other counts "for felonies committed as part of the same act or transaction."'" *Id.*, quoting *State v. Jarmon*, 2018-Ohio-4710, ¶ 27 (8th Dist.), quoting R.C. 2929.14(B)(1)(c)(iii). "The Supreme Court of Ohio has defined the term 'transaction' as a '"series of continuous acts bound by time, space and purpose, and directed toward a single objective."'" *Id.* at ¶ 28, quoting *State v. Wills*, 69 Ohio St.3d 690, 691 (1994), quoting *State v. Caldwell*, 1991 WL 259529, *12 (9th Dist. Dec. 4, 1991).

{¶14} In this case, Smith contends that R.C. 2929.14(B)(1)(c)(iii) limited the trial court to imposing a single five-year sentence on the drive-by specifications as to Counts Three and Eight because they stemmed from a single criminal venture to retaliate for the Oakland Square Park incident and Richardson's suicide. Conversely, the State argues that the conduct underlying Counts Three and Eight constituted separate transactions occurring miles apart and at different times. That is, the State asserts that the two drive-by shootings took place in different cities at different times, targeting different individuals and causing distinct damage to separate homes. Furthermore, the State contends that each crime arose from separate motivations, one stemming from Smith and the other from Smith's accomplice.

{¶15} Based on our review of the record, we conclude that the trial court did not err by imposing a five-year sentence as to *each* of the drive-by specifications in this case. Decisively, the conduct underlying Counts Three and Eight was *not* committed as part of the same act or transaction. Indeed, these two shootings occurred approximately fourteen minutes apart and in separate locations—Oakland Square Park in Bellefontaine and Russells Point—indicating a break in the continuity of the criminal behavior. *Compare State v. Harris*, 2020-Ohio-673, ¶ 11 (8th Dist.) (resolving that "[a]lthough the crimes occurred on the same day, they were committed at separate locations and involved separate victims"). Furthermore, the separate residences and differences in the specific intended targets at each

-8-

location suggest distinct criminal objectives for each shooting. Consequently, Smith's sentence is not contrary to law.

{¶16} Smith's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court in appellate case number 8-24-28.

*Judgment Affirmed*

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**

Case No. 8-24-28

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls

-10-