[Cite as *State v. Burton*, 2018-Ohio-95.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105470**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JACQUELINE D. BURTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-600498-B and CR-15-601351-B

**BEFORE:** Celebrezze, J., Keough, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**ATTORNEY FOR APPELLANT**

Kevin H. Cronin
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Glen Ramdhan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Jacqueline D. Burton, appeals from her convictions and sentences related to drug trafficking conducted from her house, primarily by Demetrius Simpson. She claims that the trial court erred by imposing consecutive sentences for two gun specifications, and by failing to consider her due process rights in the court's forfeiture decision. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Following up on neighbor complaints and observations of heavy traffic in and out of a house, Cleveland police officers conducted a series of controlled purchases of marijuana from a house occupied by appellant and Simpson. The confidential informants always purchased marijuana from Simpson. Twice, the police served search warrants on the address and both times found marijuana, cash, guns, and other items indicative of drug trafficking.

{¶3} Appellant was arrested and charged in two criminal cases with various crimes related to drug trafficking. Simpson was also arrested and charged, but absconded during the pretrial phase, so appellant was tried alone.

{¶4} A jury trial commenced in early February 2017. The forfeiture specifications, however, were tried to the bench. After several days, the jury trial closed, and the jury returned its verdicts on February 7, 2017. In CR-15-600498-B, the jury found appellant guilty of drug trafficking, a fourth-degree felony violation of R.C.

2925.03(A)(2); possession of criminal tools, a fifth-degree felony violation of R.C. 2923.24(A); permitting drug abuse, a fifth-degree felony violation of R.C. 2925.13(B); and six counts of endangering children, first-degree misdemeanor violations of R.C. 2919.22(A). The drug trafficking count and the permitting drug abuse count included one-year firearm specifications. The drug trafficking count also included a juvenile specification. The jury found appellant not guilty of one count of drug trafficking and one count of drug possession.

{¶5} In CR-15-601351-B, appellant was found guilty of drug trafficking, a fourth-degree felony violation of R.C. 2925.03(A)(2); possession of criminal tools, a fifth-degree felony violation of R.C. 2923.24(A); six counts of endangering children, first-degree misdemeanor violations of R.C. 2919.22(A). She was found not guilty of a charge of prohibition of conveyance of certain items under R.C. 2921.36(A)(2). She was also found guilty of one-year firearm and juvenile specifications that accompanied the drug trafficking charge.

{¶6} Following the verdicts, the court conducted a bench trial on the forfeiture specifications that accompanied all charges except child endangerment. At issue was approximately $3,000 in currency,[1] three handguns, a rifle, a laptop computer, a cell

_____

[1] The drug trafficking count in CR-15-600498-B also included a forfeiture specification for $7,955 that was seized during the first search, but the joint indictment indicated the money was the property of Simpson. The indictment separately listed currency seized from appellant in the amount of $2,388 in that case and roughly $850 in the other case. Therefore, the state did not seek the forfeiture of approximately $10,000 as appellant argues.

phone, a backpack, a scale, a grinder, and ammunition. The court ordered the forfeiture of all the items except the laptop and cell phone.

{¶7} The court then sentenced appellant to a 30-month prison sentence in CR-15-600498-B. This consisted of an 18-month sentence on the drug trafficking count, to be served consecutive to the one-year firearm specification. Appellant also received a 30-month sentence in CR-15-601351-B, which again consisted of an 18-month sentence for drug trafficking served consecutive to the one-year firearm specification.[2] The court ordered that the firearm specifications in the two cases be served prior to and consecutive to each other. Therefore, the court imposed a total 42-month prison sentence.

{¶8} Appellant then filed the instant appeal assigning two errors for review:

1. The trial court erred, committing an abuse of discretion, in insisting it held no authority to consider defendant's trial court argument that the mandatory one year sentences for the two firearm specifications could run concurrently, rather than consecutively, with each other.

2. The trial court erred in failing to provide some framework for consideration of due process in the seizure of money and material from [her].

---

[2] The other sentences in the two cases were ordered to be served concurrent and so did not affect the total sentence.

## II. Law and Analysis

### A. Sentences for Firearm Specifications

{¶9}   In her first assignment of error, appellant claims the court has discretion to run the sentences that result from two firearm specifications concurrent to each other between the two cases.   Appellant argues, therefore, that the court erred in finding that it had no other option but to run the one-year sentences on the specifications consecutive to each other.

{¶10} The sentence for a firearm specification is defined in former R.C. 2929.14(B)(1)(a).[3]   Former R.C. 2929.14(B)(1)(b) indicated that a sentence for these specifications, except as provided for in R.C. 2929.14(B)(1)(g), should only arise once regarding crimes committed as *a single act or transaction.*

{¶11} Former R.C. 2929.14(B)(1)(g), effective at the time of sentencing, provided,

[i]f an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the

---

[3] This statute was amended effective October 17, 2017.

offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶12} This subsection does not apply here because appellant was not convicted of any of the crimes listed. However, R.C. 2929.14(C)(1)(a) specifies how sentences for firearm specifications must be served. Subject to exceptions not relevant here,

> if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony * * * the offender shall serve any mandatory prison term imposed under [this] division consecutively to any other mandatory prison term imposed under [this] division * * * consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

*Id.* Therefore, the trial court was required to impose two firearm specifications — one for each case.

{¶13} This court has previously found reversible error when a sentencing court mistakenly believed it lacked discretion to impose a certain sentence when, in fact, the court had that discretion. *State v. Black*, 8th Dist. Cuyahoga No. 105197,

2017-Ohio-8063, ¶ 60, citing *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770 (8th Dist.).

{¶14} However, *Black* dealt with a firearm specification on a merged count, and *James* dealt with more than two firearm specifications where the court believed it was required to run all specifications consecutive to each other when only the first two were required to be imposed and the court had discretion to impose additional terms of imprisonment for additional specifications.

{¶15} After merger of the specifications in CR-15-600498-B, a one-year firearm specification remained. In CR-15-601351-B, a one-year firearm specification also remained. The court imposed the sentences for the two specifications consecutive to each other across the two cases, and the base offenses in each case concurrent to each other and to both cases. The court was required to run the two firearm specifications consecutive to each other according to the terms of R.C. 2929.14(C)(1)(a).

{¶16} Appellant advances an argument that the firearm specifications arose as part of the same transaction or event. She points to the rule for joinder as evidence that the cases arose from the same act or transaction because the rule lists that as a reason for joinder.

{¶17} Crim.R. 8 provides,

[t]wo or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶18} The language for joinder is not the same as the language used in R.C.

2929.14(B)(1)(b), which only mentions the same act or transaction. Therefore, the analysis is not the same.

{¶19} Here, the charges stemmed from drugs found at appellant's home during the execution of search warrants approximately one month apart from each other. Appellant's argument is without merit. The sale of drugs separated by a month's time does not constitute the same act or transaction. It does, however, constitute similar offenses, or two or more acts or transactions connected together, or constitute a common scheme, plan, or a course of criminal conduct under the joinder rule. The charges clearly stem from separate incidents and the firearm specifications do not merge as appellant contends.

{¶20} Appellant also relies on a case from the Second District for support, *State v. Douglas*, 2d Dist. Greene No. 32-CA-35, 1983 Ohio App. LEXIS 13306 (Apr. 26, 1983). However, *Douglas* deals with the trial court's discretion in crafting a sentence under factors set forth in R.C. 2929.12. *Id.* at 3-5. The present appeal does not involve that issue. The present case deals with the statutory interpretation of the gun specification statute and whether the trial court must or may impose sentences on two gun specifications concurrent or consecutive to each other. The trial court properly answered the question when it determined that it did not have discretion to impose them concurrently. The analysis in *Douglas* about the factors a trial court should weigh according to R.C. 2929.12 when crafting a sentence is not applicable to this assignment of error. Therefore, appellant's first assignment of error is overruled.

## B. Due Process in Forfeiture

{¶21} In appellant's second assignment of error, she claims the court's jury instructions inadequately addressed her due process rights in the forfeiture of her property.

{¶22} Appellant cites to two United States Supreme Court cases for the proposition that there are only two tracks for reviewing forfeiture: cases of a reversal or finding of not-guilty, and cases that have not yet reached a verdict. *Nelson v. Colorado*, __ U.S. __, 137 S.Ct. 1249, 197 L.Ed.2d 611 (2017); *Medina v. California*, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Neither case is directly applicable to the present situation because appellant's forfeiture specifications are supported by valid convictions. These cases are inapplicable here because appellant has not been acquitted of all the crimes that contain forfeiture specifications and appellant's convictions have not been reversed on appeal. Appellant's case reached a verdict where she was found guilty on the underlying charges that support the forfeiture specifications. Appellant has not challenged the validity of her convictions in this appeal.

{¶23} R.C. 2981.04, which governs forfeiture specifications, requires that a specification be contained in the indictment that describes the property, the nature of the ownership interest of the accused, and if the property is alleged to be an instrumentality of criminal activity, its alleged use. This is designed to provide notice to the accused. The statute goes on to state,

> [i]f a person pleads guilty to or is convicted of * * * an offense * * * and the complaint, indictment, or information charging the offense or act

contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited. If the state or political subdivision proves by clear and convincing evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture. If the trier of fact is a jury, on the offender's * * * motion, the court shall make the determination of whether the property shall be forfeited.

R.C. 2981.04(B). This provides an opportunity for a meaningful hearing where the state is required to show by clear and convincing evidence that the property is subject to forfeiture.

{¶24} Discussing the adequacy of predeprivation versus postdeprivation hearings regarding a property interest, the Twelfth District found, "the fundamental requirement is that the opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" *Peoples Rights Org. v. Montgomery*, 142 Ohio App.3d 443, 498, 756 N.E.2d 127 (12th Dist.2001), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Here, appellant had notice through the indictment, and a meaningful opportunity to be heard during the forfeiture hearing held before the trial court. Appellant waived trial of the forfeiture specifications to the jury.

{¶25} After the jury returned verdicts finding appellant guilty of charges that carried various forfeiture specifications, the trial court held a hearing on the issue where the state presented evidence and appellant was allowed to testify and present evidence. Appellant and the state participated in the hearing, elicited testimony, and offered closing arguments. The court set forth the appropriate standard by which the state could show

that forfeiture was appropriate. The trial court announced its decision on the record and in a journal entry filed after the hearing.

{¶26} Appellant makes an incoherent argument about the inadequacy of the jury instructions regarding forfeiture, and how they fail to meet due process requirements. The court's jury instructions, where the jury was not asked to pass on whether the state had adequately demonstrated the requirements for forfeiture, were not erroneous. Appellant tried those specifications to the bench.

{¶27} Appellant also mistakenly argues that over $10,000 was forfeited in this case. The journal entry of forfeiture in CR-15-600498-B specifies that $2,388 was forfeited, and the entry in CR-15-601351-B indicates that $789 was forfeited.

{¶28} Therefore, this assigned error is overruled.

### III. Conclusion

{¶29} The trial court did not have discretion to order two sentences for firearm specifications concurrent to each other across two cases. Further, appellant was not denied due process of law regarding the forfeiture of property seized at her home during the execution of search warrants.

{¶30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LARRY A. JONES, SR., J., CONCUR