[Cite as *State v. Adkins*, 2021-Ohio-1294.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,              :

                                   Nos. 109184 and 109185

    v.                                :

BRANDON ADKINS, ET AL.,                  :

    Defendants-Appellees.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** April 15, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-635599-A and CR-18-635599-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Anthony T. Miranda and Michael Barth,
Assistant Prosecuting Attorneys, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert B. McCaleb, Assistant Public Defender, *for
appellee* Brandon Adkins.

Timothy Young, Ohio Public Defender, and Stephen P.
Hardwick, Assistant State Public Defender, *for appellee*
Charles Trowbridge.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant, the state of Ohio, appeals from sentences imposed on defendants-appellees, Brandon Adkins and Charles Trowbridge (collectively "appellees"). The state claims the following error:

> The trial court erred in ordering concurrent prison terms for firearm specifications when the felonies were not committed as part of the same act or transaction.

{¶ 2} We find merit to the appeal, reverse the trial court's judgment in part, affirm it in part, and remand the case to the trial court to impose sentences on all firearm specifications.

## I. Facts and Procedural History

{¶ 3} Adkins was charged with numerous felonies allegedly committed against multiple victims in November 2018. In August 2019, he pleaded guilty to one count of burglary, two counts of receiving stolen property, one count of aggravated robbery, one count of attempted burglary, one count of robbery, and one count of improper handling of a firearm. The two receiving stolen property counts, the aggravated robbery count, and the robbery count included one-year firearm specifications. The three-year firearm specifications attendant to the charges and all other charges were nolled pursuant to a plea agreement. As part of the plea agreement, Adkins and the state agreed to a recommended sentencing range of 7 to 12 years and that "[e]ach side is free to argue for whatever number they choose in between" 7 to 12 years. (Adkins tr. 40.)

{¶ 4} The trial court sentenced Adkins to an aggregate 11-year prison term. The court ordered the prison terms on all the base counts to be served concurrently. It also ordered prison terms on the one-year firearm specifications attendant to the aggravated burglary and improper handling of a firearm charges alleged in Counts 11 and 25, to be served consecutive to each other and to the underlying felonies. The state argued that the firearm specifications attendant to the two receiving stolen property charges, alleged in Count 11 and 25, had to be served consecutive to the other firearm specifications attendant to the robbery and aggravated robbery charges alleged in Counts 26 and 31 because they were committed during "separate transactions." (Adkins tr. 141.) Over the state's objection, the trial court did not impose prison terms on the firearm specifications alleged in Counts 26 and 31.

{¶ 5} Trowbridge was charged with offenses in three criminal cases. Two of the cases, namely Cuyahoga C.P. CR-18-625121-A and Cuyahoga C.P. CR-19-638417-A, are not at issue in this appeal because they did not involve any firearm specifications. In Cuyahoga C.P. CR-18-635599-B, Trowbridge pleaded guilty to five counts of aggravated robbery, three counts of receiving stolen property, two counts of burglary, two counts of felonious assault, and one count each of telecommunications fraud, breaking and entering, improper discharge of a firearm, and having a weapon while under disability. Trowbridge and the state agreed to a recommended sentencing range of 20 to 25 years and that "[e]ach side is free to argue for whatever number they choose in between" 20 and 25 years. (Trowbridge tr. 88.)

{¶ 6} The trial court sentenced Trowbridge to an aggregate 24-year prison term. The court ordered the prison terms on all base counts to be served concurrently except for the felonious assault charge alleged in Count 43, which was to be served consecutive to all other counts. The trial court ordered prison terms on the three-year firearm specifications attendant to the aggravated robbery and felonious assault charges alleged in Counts 26 and 38 to be served consecutive to each other and to the underlying felony counts. The state asserted that, by law, the trial court was required to impose prison terms on the firearm specifications attendant to the aggravated robbery, improper discharge of a firearm, and felonious assault charges alleged in Counts 1, 21, 31, 41, and 43 because they involved separate transactions. (Trowbridge tr. 181-189.) Over the state's objection, the court did not impose prison sentences on the firearm specifications alleged in Counts 1, 21, 31, 41, and 43.

{¶ 7} The state now appeals the sentences imposed on both Adkins and Trowbridge.

## II. Law and Analysis

{¶ 8} In its sole assignment of error, the state argues "[t]he trial court erred in ordering concurrent prison terms for firearm specifications when the felonies were not committed as part of the same act or transaction." However, the court did not sentence appellees to concurrent prison terms on certain firearm specifications. Indeed, the court did not sentence them to any prison terms on the disputed firearm specifications. Nevertheless, the state contends appellees' sentences are illegal

because the court failed to impose consecutive prison terms on all the firearm specifications attendant to appellees' felony convictions as required by law.

{¶ 9} Both Adkins and Trowbridge agreed to an aggregate range of potential sentences. Adkins agreed to a jointly recommended sentence of 7 to 12 years, and Trowbridge agreed to a jointly recommend sentence of 20 t0 25 years. R.C. 2953.08(D)(1) limits our authority to review agreed sentences and states:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 10} A jointly recommended sentencing range is a "jointly recommended sentence" for purposes of R.C. 2953.08(D)(1). *State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759. Therefore, appellees' jointly recommended sentences are not reviewable if they were "authorized by law."

{¶ 11} A sentence is "authorized by law" and not appealable within the meaning of R.C. 2953.08(D)(1) "if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 12} The state contends the trial court erred because it failed to impose consecutive prison terms on Adkins and Trowbridge for firearm specifications as mandated by R.C. 2929.14(B)(1)(a) and 2929.14(C)(1)(a). The state argues the trial court failed to comply with mandatory sentencing provisions applicable to the firearm specifications attendant to appellees' convictions.

{¶ 13} R.C. 2929.14(B)(1)(a) provides that "if an offender * * * is convicted of or pleads guilty to" a firearm specification, the court "shall" impose a one-year, three-year, six-year, or nine-year prison term on the specification, depending on the specification.[1] R.C. 2929.14(C)(1)(a) provides that when a trial court imposes a prison term on a firearm specification, the court must run the prison term consecutive to all other prison terms. R.C. 2929.14(C)(1)(a) states, in relevant part:

> [I]f a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed * * * consecutively to any other mandatory prison term imposed [for a firearm specification] * * * consecutively to and prior to any prison term imposed for the underlying felony * * * and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 14} R.C. 2929.14(B)(1)(b) provides an exception to consecutive service of firearm specifications and states, in relevant part: "Except as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same transaction." However, R.C. 2929.14(B)(1)(g) states that if an offender is convicted of "two or more felonies," at least one of the felonies is aggravated robbery,[2] and the offender is convicted of two or more firearm specifications, then

---

[1] There are exceptions for carrying concealed weapons and illegal conveyance of a deadly weapon into a courthouse, which are inapplicable here. *See* R.C. 2929.14(B)(1)(e).

[2] This section also applies where the offender is convicted of, or pleads guilty to, two or more felonies and one or more of the felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, felonious assault, or rape.

the sentencing court must impose prison terms for the two most serious specifications, but gives the court discretion to choose whether to impose prison terms on any other specifications. R.C. 2929.14(B)(1)(g) states:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 15} R.C. 2929.14(B)(1)(b) and 2929.14(C)(1)(a) are mandatory sentencing provisions because R.C. 2929.14(B)(1)(a) requires the imposition of prison terms on firearm specifications, and R.C. 2929.14(C)(1)(a) generally requires consecutive service of all firearm specifications. And, R.C. 2929.14(B)(1)(g) is mandatory to the extent that it requires the trial court to impose prison terms on the two most serious felonies if the defendant is convicted of at least one of seven specified felonies, including aggravated robbery, and gives the court discretion to impose time on more than two. R.C. 2929.14(B)(1)(b) is also a mandatory provision that limits the general rule requiring consecutive prison terms on firearm specifications and only permits one prison term for multiple firearm specifications arising from the same act or transaction. Appellees' sentences are, therefore, not reviewable, if the trial court complied with these mandatory provisions.

{¶ 16} The state argues the trial court should have imposed consecutive prison terms on Adkins and Trowbridge for firearm specifications attendant to all of their felony convictions because they were committed as separate acts or transactions. The state also contends that Adkins and Trowbridge waived their claim that some specifications related to the same act or transaction when they agreed they were separate transactions at the plea hearing. However, Adkins and Trowbridge are not the ones appealing their sentences.

{¶ 17} The Ohio Supreme Court has defined the term "transaction," for purposes of R.C. 2929.14(B)(1)(b) as "'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.'" *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 Ohio App. LEXIS 5879 (Dec. 4, 1991). If the sentencing court determines that the offenses and attendant firearm violations occurred at separate times, locations, and to different victims, then they are not part of the same act or transaction for purposes of R.C. 2929.14(B)(1)(b). *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 214 (holding that drive-by shootings and a murder that occurred on different days and at different locations and involved different victims were not a single transaction).

{¶ 18} Appellees acknowledged at the plea hearing that their convictions were committed as separate and distinct transactions. (Adkins tr. 43-44; Trowbridge tr. 86.) At the plea hearing, the court asked the following with respect to Adkins:

THE COURT: * * * But the point is you both agree that I am required to, if this goes through, have the separate four — four separate one-year firearm specs served consecutively before anything else no matter what the sentences are on the underlying felony?

[PROSECUTOR]: Yes, your Honor.

[DEFENSE COUNSEL]: Yes, your Honor.

(Adkins tr. 43-44.)

{¶ 19} At sentencing, Adkins's lawyer again acknowledged that Counts 11 and 25 constituted separate acts and transactions, but asserted the court had discretion to determine whether Counts 26 and 31 were a single transaction because they occurred on the same day. The trial court, however, concluded that Counts 26 and 31 were separate transactions because although they occurred on the same day, one offense occurred in Parma, the other offense occurred in Cleveland, and they involved different victims. Consequently, the trial court concluded that the four counts with firearm specifications were "four separate transactions." (Adkins tr. 141). The court stated, in relevant part: "[B]ased upon the evidence, I'm going to conclude as a matter of fact that Counts 11, 25, 26, and 31 represent separate transactions." (Adkins tr. 140.)

{¶ 20} The trial court asked Trowbridge at the plea hearing if he "agreed then that all of the firearm specs, not just the two highest, are required to be served consecutively before beginning any felony sentence?" (Trowbridge tr. 86.) Trowbridge's counsel replied: "That has been the nature of our agreement * * * ." Counsel also acknowledged that "there would be no argument for merger of these

remaining firearm counts." (Trowbridge tr. 86.) Although the counts were not subject to merger, Trowbridge's trial counsel asserted that the trial court had discretion to run some of the firearm specifications concurrently. (Trowbridge tr. 87.)

{¶ 21} At Trowbridge's sentencing hearing, the state asserted that all prison terms for firearm specifications had to be served consecutively because they were not part of the same act or transaction. (Trowbridge tr. 182.) Trowbridge's counsel replied: "Well, I think there is an argument to be made either way." (Trowbridge tr. 182.) However, Counts 1, 21, 26, 31, 38, 41, and 43, which contained the subject firearm specifications, were committed against seven different victims. Many of the counts were also committed on different dates and at different locations. For example, Count 1, which alleged aggravated robbery, was the only offense committed on November 8, 2018. Count 21, which also alleged aggravated robbery, was the only offense committed on November 23, 2018. Although Counts 26, 31, and 38, which alleged two counts of aggravated robbery and one count of felonious assault, were all committed on November 25, 2018, the offenses occurred in different cities or on different streets. Finally, Counts 41 and 43, which alleged discharge of a firearm on or near a prohibited premises and felonious assault, were both committed on November 25, 2018, but in different locations. Therefore, these seven counts were separate transactions for purposes of R.C. 2929.14(B)(1)(b). Yet, the trial court did not impose prison sentences on the one-year firearm specifications alleged in Counts 1, 21, 31, 41, and 43.

{¶ 22} The trial court apparently believed it was not required to impose prison terms on the firearm specifications attendant to Counts 1, 21, 31, 41, and 43 because R.C. 2929.14(B)(1)(g) states that if an offender is convicted of "two or more felonies," at least one of the felonies is aggravated robbery, and the offender is convicted of two or more firearm specifications, then the sentencing court is only required to impose prison terms for the two most serious specifications and may, in its discretion decline to impose prison terms on the remaining specifications.

{¶ 23} As previously stated, R.C. 2929.14(C)(1)(a) generally requires consecutive service of all firearm specifications. R.C. 2929.14(B)(1)(b) provides an exception to the consecutive service of firearm specifications mandated by R.C. 2929.14(C)(1)(a), if they were committed as part of the same act or transaction. However, R.C. 2929.14(B)(1)(b) provides an exception to the exception "as provided in R.C. 2929.14(B)(1)(g)." Thus, R.C. 2929.14(B)(1)(g), which requires consecutive prison terms on the two most serious specifications in certain specified situations, only applies if the underlying felonies and attendant firearm specifications were committed as part of the same act or transaction. *See, e.g., State v. Burton*, 8th Dist. Cuyahoga No. 105470, 2018-Ohio-95 (Court must impose consecutive prison terms on firearm specifications that were not committed as part of the same act or transaction.). If the felonies and attendant firearm specifications were committed separately, then the trial court must follow the default rule set forth in R.C.

2929.14(C)(1)(a), which requires mandatory consecutive service of all firearm specifications.[3]

**{¶ 24}** The trial court failed to comply with this mandatory sentencing provision when it failed to impose consecutive prisons terms on all firearm specifications even though it found they were committed as separate transactions.

**{¶ 25}** Therefore, the sole assignment of error is sustained.

**{¶ 26}** The trial court's judgment is affirmed in part, reversed in part, and we remand the case to the trial court to impose sentences on all firearm specifications.

It is ordered that appellant and appellees share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR

---

[3] The legislative synopsis of 2007 Ohio S.B. 184, which amended R.C. 2929.14, states that the intent of the bill was "to remove current sentencing restrictions and impose new sentencing requirements when a court sentences an offender convicted of multiple felonies and multiple gun specifications." In other words, the legislature intended to increase, rather than reduce, sentences for violent offenders who use firearms.