[Cite as *State v. Penn*, 2022-Ohio-4801.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Earle E. Wise, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case Nos. 22 COA 014 and 015 |
| SAMUEL PENN, III | |
| | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common
Pleas, Case Nos 21 CRI 059 and 060

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: December 29, 2022

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

CHRISTOPHER R. TUNNELL          SAMANTHA PUGH
PROSECUTING ATTORNEY            SOROKA & ASSOCIATES LLC
NADINE HAUPTMAN                     503 South Front Street
ASSISTANT PROSECUTOR            Suite 205
110 Cottage Street, Third Floor       Columbus, Ohio  43215
Ashland, Ohio  44805

*Wise, John, J.*

**{¶1}** Plaintiff-Appellant the State of Ohio appeals the May 5, 2022, Judgment Entry entered by the Ashland County Court of Common Pleas, sentencing Defendant-Appellee Samuel Penn, III, in which the trial court failed to impose a consecutive sentence for the firearm specification in Case No. 21-CRI-059 with the firearm specification in Case No. 21-CRI-060.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** The relevant facts and procedural history are as follows:

**{¶3}** On March 12, 2021, an Ashland County Grand Jury indicted Defendant-Appellee, Samuel Penn, III, in two separate, unrelated cases:

*21-CRI-060*

**{¶4}** On October 4, 2020, Deputy Taylor Temple, with the Ashland County Sheriff's Office, observed Appellee Samuel Penn, III, speeding on State Route 30 and effectuated a traffic stop. Upon approaching the vehicle, Deputy Temple detected the odor of marijuana emanating from the vehicle, a red GMC SUV. He then conducted a probable cause search, which led to the discovery of a Ruger .45 caliber handgun in the center console, an ammunition clip in the glove box, marijuana in a backpack, an open container of alcohol and Eutylone, a Schedule I drug .

**{¶5}** Appellee was charged with aggravated possession of drugs (Eutylone), carrying a concealed weapon, and operating a vehicle under the influence of alcohol or a drug of abuse or a combination thereof. The charges of aggravated possession of drugs and carrying a concealed weapon each contained specifications.

*Case No. 21-CRI-059*

**{¶6}** On January 21, 2021, Appellee was again stopped for speeding on State Route 30. This time Appellee was stopped by Deputy Kinter with the Ashland County Sheriff's office, who noticed a strong odor of burnt marijuana as he neared the vehicle, a 2007 Mercury. A probable cause search was conducted, which resulted in the seizure of marijuana, a digital scale, several pills, more than 16 grams of methamphetamine, a Ruger .45 caliber handgun and ammunition, and two .45 caliber rounds located in Appellee's pants pocket. Appellee was charged with aggravated possession of drugs (methamphetamine) and carrying a concealed weapon, with specifications on each count.

**{¶7}** On August 17, 2021, the State moved for joinder of these cases, pursuant to Crim.R. 8 and Crim.R. 13, for the purposes of judicial economy and conservation of resources.

**{¶8}** On November 30, 2021, the trial court granted the State's motion, over objection from Appellee, and joined the cases.

**{¶9}** Appellee ultimately plead guilty to all counts in each of his two cases.

**{¶10}** On April 25, 2022, the trial court held a sentencing hearing. In Case No. 21-CRI-59, the trial court imposed an indefinite sentence of three (3) years to four and one-half (4 ½ ) years. The court also imposed a mandatory one-year sentence for the firearm specification to be served prior to and consecutively to the indefinite sentence. In Case No. 21-CRI-60, the court imposed a nine (9) month prison sentence on the aggravated possession of drugs charge plus a mandatory one-year sentence on the firearm specification, to be served prior to and consecutively to the nine months.

**{¶11}** In imposing sentence, the trial court ran the two sentences for the two charges concurrent to each other, as opposed to consecutive, including the two separate one-year firearm specifications (one in each of the two cases). The State voiced its objection at that time.

**{¶12}** On May 6, 2022, the trial court entered its sentencing order in both cases.

**{¶13}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENT OF ERROR

**{¶14}** "I. TRIAL COURT ERRED IN ORDERING CONCURRENT PRISON TERMS FOR FIREARM SPECIFICATIONS WHEN THE FELONIES WERE NOT COMMITTED AS PART OF THE SAME ACT OR TRANSACTION AND AROSE IN TWO DIFFERENT CASES."

### State's Appeal

**{¶15}** Prior to considering the merits of the state's appeal, we will address the state's right to appeal the sentence imposed by the trial court. The state filed its appeal pursuant to R.C. 2953.08(B)(2), which provides, in pertinent part:

(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

* * *

(2) The sentence is contrary to law.

**{¶16}** Thus, the state argues it has a right to appeal the sentence rendered by the trial court because it is contrary to law.

**I.**

**{¶17}** In its sole assignment of error, the state of Ohio argues that the trial court erred in ordering concurrent sentences for firearm specifications in two separate, unrelated cases.  We agree.

**{¶18}** The sentence for a firearm specification is defined in R.C. §2929.14(B)(1)(a), which provides:

(B)(1)(a) Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:

***

(iii) A prison term of one year if the specification is of the type described in division (A) of section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense; …

***{¶19}*** R.C. §2929.14(B)(1)(b) indicates that a sentence for these specifications, except as provided for in R.C. 2929.14(B)(1)(g), should only arise once regarding crimes committed as *a single act or transaction.*

**{¶20}** R.C. §2929.14(B)(1)(g), provides:

(g) If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶21}** This subsection does not apply here because Appellant was not convicted of any of the crimes listed. However, R.C. §2929.14(C)(1)(a) specifies how sentences for firearm specifications must be served. Subject to exceptions not relevant here,

if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony *** the offender shall serve any mandatory prison term imposed under [this] division consecutively to any other mandatory prison term imposed under [this] division * * * consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other

prison term or mandatory prison term previously or subsequently imposed upon the offender.

**{¶22}** *Id.*

**{¶23}** The state argues the trial court should have imposed consecutive prison terms on Appellee for each of the firearm specifications attendant to each of Appellee's convictions because they were committed as separate acts or transactions.

**{¶24}** The Ohio Supreme Court has defined the term "transaction," for purposes of R.C. §2929.14(B)(1)(b) as " 'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.' " *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 WL 259529, 1991 Ohio App. LEXIS 5879 (Dec. 4, 1991). If the sentencing court determines that the offenses and attendant firearm violations occurred at separate times, locations, and to different victims, then they are not part of the same act or transaction for purposes of R.C. §2929.14(B)(1)(b). *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 214 (holding that drive-by shootings and a murder that occurred on different days and at different locations and involved different victims were not a single transaction).

**{¶25}** At the sentencing hearing, the trial court made the following statements:

The Court: I don't need findings to run a gun spec, the question here is what is the basis and law for imposing gun specifications from two different cases consecutive?

\*\*\*

The Court: I got a gun spec in 21-CRI-059 that is mandatory, it has to be run consecutive to any sentence for the offense in Count 1, so it runs consecutive to that, and it would add a year to the minimum term for the offense in Count 1 being a Felony of the Second Degree.

\*\*\*

The Court: In Case 21-CRI-060, I have another gun spec, different case, different date, different time, and it has to be run consecutive without consecutive findings, it's mandatory that it run consecutive to the Count 1 and Count 4 offenses, and the sentence imposed for those.

Now, my question is where do we get to the two-year mandatory gun spec?

Sent. T. at 7-8.

\*\*\*

Mr. Perez: Yes, the statute itself says it has to be a one-year mandatory prison term. These are two separate offenses, Your Honor, and these are two separate cases, and they have to be run consecutive. If you do not do so, we are going to lodge the objection and push the issue for appeal.

The Court: Okay. Well you can do that I am finding that the statute doesn't require two consecutive mandatory specification sentencings in two separate cases. The state chose to charge these two cases rather than one indictment, in two separate indictments, consecutively numbered, and I

don't think that this court has the authority to impose those gun specifications consecutive to each other without a consecutive finding.

**{¶26}** Sent. T. at 10.

**{¶27}** As previously stated, R.C. §2929.14(C)(1)(a) generally requires consecutive service of all firearm specifications. R.C. §2929.14(B)(1)(b) provides an exception to the consecutive service of firearm specifications mandated by R.C. 2929.14(C)(1)(a), if they were committed as part of the same act or transaction. However, R.C. §2929.14(B)(1)(b) provides an exception to the exception "as provided in R.C. 2929.14(B)(1)(g)." Thus, R.C. §2929.14(B)(1)(g), which requires consecutive prison terms on the two most serious specifications in certain specified situations, only applies if the underlying felonies and attendant firearm specifications were committed as part of the same act or transaction. *See*, *e.g.*, *State v. Burton*, 8th Dist. Cuyahoga No. 105470, 2018-Ohio-95 (Court must impose consecutive prison terms on firearm specifications that were not committed as part of the same act or transaction.). If the felonies and attendant firearm specifications were committed separately, then the trial court must follow the default rule set forth in R.C. §2929.14(C)(1)(a), which requires mandatory consecutive service of all firearm specifications.

**{¶28}** Therefore, the trial court was required to impose consecutive service for the two firearm specifications - one for each case. The trial court did not have discretion to order the two sentences for the firearm specifications concurrent to each other across two cases.

**{¶29}** Here, the trial court failed to comply with this mandatory sentencing provision when it failed to impose consecutive prisons terms on both firearm specifications even though it found they were committed as separate transactions.

**{¶30}** Appellant's sole assignment of error is sustained

**{¶31}** The judgment of the Court of Common Pleas, Ashland County, Ohio, is reversed and remanded for resentencing consistent with the law and this opinion.

By: Wise, John, J.

Wise, Earle, P. J., and

Baldwin, J., concur.

JWW/kw 1228