[Cite as *State v. Fitzgerald*, 2024-Ohio-2710.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                                No. 113400

    v.                                        :

MICHAEL FITZGERALD, III,                :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669186-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Brandon A. Piteo and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} The State of Ohio brings this appeal challenging the sentence of appellee Michael Fitzgerald, III ("Fitzgerald"), following his convictions for felonious assault and drug trafficking, along with accompanying firearm specifications. After a

thorough review of the applicable law and facts, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} This appeal arises from a shooting at a Metro PCS store in Lakewood, Ohio, on March 16, 2021, where Fitzgerald was identified as the shooter. Two employees at the store were shot by Fitzgerald following an altercation regarding a cellphone insurance claim.

{¶ 3} The following day, a search warrant was executed at Fitzgerald's home, which yielded drugs, including fentanyl, and several firearms. Fitzgerald was indicted on 15 charges, including felonious assault, having a weapon while under a disability, carrying a concealed weapon, drug trafficking, and drug possession, along with accompanying firearm specifications.

{¶ 4} Fitzgerald sought to have separate trials on the shooting charges versus the drug trafficking and gun possession charges. He argued that the charges had been improperly joined for trial because the offenses were not connected and that he would be prejudiced by their joinder. The State opposed this motion, arguing that the offenses were properly joined as a continuing course of criminal conduct, and the court denied the motion.

{¶ 5} Fitzgerald waived his right to a jury trial, and a bench trial commenced. During the course of trial, Fitzgerald elected to accept the plea deal that had been offered by the State prior to trial. Under the terms of the plea deal, he pled guilty to two counts of felonious assault, which each had an accompanying three-year firearm

specification, and one count of drug trafficking of fentanyl, which had an accompanying one-year firearm specification.

{¶ 6} At sentencing, the trial court informed Fitzgerald that the three firearm specifications were required to be served consecutively. However, when the court imposed Fitzgerald's sentence, it ordered that the one-year firearm specification be served concurrently. Fitzgerald was ultimately sentenced to two years on the base charges plus the two three-year firearm specifications to be run consecutively for a total aggregate sentence of eight years.

{¶ 7} The State then filed the instant appeal, raising one assignment of error for our review:

> The trial court erred in imposing a one-year firearm specification but ordering it to be served concurrently to other firearm specifications and other prison sentences.

## II. Law and Analysis

{¶ 8} The State argues that the one-year firearm specification was required to be served consecutively because the drug trafficking offense and accompanying firearm specification were not committed as part of the same act or transaction as the felonious assaults and attendant firearm specifications.

{¶ 9} R.C. 2929.14(B)(1)(a) provides that "if an offender . . . is convicted of or pleads guilty to" a firearm specification, the court "shall" impose a one-, three-, six-, or nine-year prison term on the specification, depending on the specification. R.C. 2929.14(C)(1)(a) provides that when a trial court imposes a prison term on a firearm

specification, the court must run the prison term consecutive to all other prison terms. R.C. 2929.14(C)(1)(a) states, in relevant part:

> [I]f a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, . . . the offender shall serve any mandatory prison term imposed . . . consecutively to any other mandatory prison term imposed [for a firearm specification] . . . consecutively to and prior to any prison term imposed for the underlying felony . . . and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 10} This court has addressed this issue in *State v. Adkins*, 2021-Ohio-1294 (8th Dist.):

> R.C. 2929.14(C)(1)(a) generally requires consecutive service of all firearm specifications. R.C. 2929.14(B)(1)(b) provides an exception to the consecutive service of firearm specifications mandated by R.C. 2929.14(C)(1)(a), if they were committed as part of the same act or transaction. However, R.C. 2929.14(B)(1)(b) provides an exception to the exception "as provided in R.C. 2929.14(B)(1)(g)." Thus, R.C. 2929.14(B)(1)(g), which requires consecutive prison terms on the two most serious specifications in certain specified situations, only applies if the underlying felonies and attendant firearm specifications were committed as part of the same act or transaction. *See, e.g., State v. Burton,* 2018-Ohio-95 (8th Dist.) (Court must impose consecutive prison terms on firearm specifications that were not committed as part of the same act or transaction.). If the felonies and attendant firearm specifications were committed separately, then the trial court must follow the default rule set forth in R.C. 2929.14(C)(1)(a), which requires mandatory consecutive service of all firearm specifications.

*Id.* at ¶ 23.

{¶ 11} Accordingly, we must examine whether the drug trafficking offense and accompanying firearm specification were committed as a separate act or transaction. The Supreme Court of Ohio has defined the term "transaction," for

purposes of R.C. 2929.14(B)(1)(b) as "'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.'" *State v. Wills*, 69 Ohio St.3d 690 (1994), quoting *State v. Caldwell*, 1991 Ohio App. LEXIS 5879 (9th Dist. Dec. 4, 1991). "'In other words, courts generally evaluate whether the offenses and attendant firearm violations occurred at separate times, locations, and to different victims.'" *State v. Peterson*, 2022-Ohio-835, ¶ 16 (8th Dist.), quoting *State v. Williams*, 2020-Ohio-1368, ¶ 16 (1st Dist.). If the sentencing court determines that the offenses and attendant firearm violations occurred at separate times, locations, and to different victims, then they are not part of the same act or transaction for purposes of R.C. 2929.14(B)(1)(b). *State v. Dean*, 2015-Ohio-4347, ¶ 214.

{¶ 12} The indictment reflects that the felonious assault charges (Counts 1 and 2) related to two different victims and were committed on March 16, 2021, at a Metro PCS store. The drug trafficking offense (Count 6) was listed as having been committed on March 17, 2021, which was the date of the execution of the search warrant at Fitzgerald's apartment and the discovery of drugs, firearms, and ammunition.

{¶ 13} At the sentencing hearing, the court noted that the State, in its request that the trial not be severed, had previously made the argument that the cases or counts had to be tried together because they involved the same investigation and it was the same act that precipitated the search warrant. The court noted that the firearm that had been used in the commission of the offense was not discovered until

after Fitzgerald was in custody. The court then determined that there was only one transaction involved and therefore the firearm specifications would run concurrently.

{¶ 14} The State objected to the court's characterization of its argument and asserted that it had not argued that the counts were part of the same transaction but that they were part of a course of criminal conduct. The State maintained that the acts that were committed on March 16 were entirely separate acts or transactions from the offenses that were discovered on March 17.

{¶ 15} The State is correct that simply because offenses are joined for trial under Crim.R. 8 does not make them part of the same act or transaction under R.C. 2929.14(B)(1)(b). Crim.R. 8 provides:

> Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶ 16} The language for joinder is not the same as the language used in R.C. 2929.14(B)(1)(b), which only refers to the same act or transaction. Therefore, the analysis is not the same.

{¶ 17} Here, the charges stemmed from a shooting on one day and from drugs discovered at Fitzgerald's home during the execution of a search warrant the following day. While appellant contends that he possessed the fentanyl at the same

time that he shot the victims and, therefore, the offenses were part of the same act or transaction, his argument lacks merit.

{¶ 18} While appellant maintains that he only "possessed" fentanyl, he was charged with, and pled guilty to, trafficking fentanyl. A plea of guilty is "a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Moreover, "[a] guilty plea is a complete admission of the facts set forth in the indictment, including all specifications contained therein." *State v. Fry*, 2021-Ohio-2838, ¶ 26 (8th Dist.), citing *State v. Sims*, 2019-Ohio-4975, ¶ 18 (8th Dist.). Accordingly, by entering a plea of guilty to the amended Count 6, appellant admitted that he trafficked an amount of fentanyl and had a firearm on his person or under his control while doing so.

{¶ 19} When officers executed the search warrant the day after the shooting, they located evidence of drug trafficking, and appellant was charged accordingly. Because there was no showing that the drug-trafficking conduct had any relation to the shooting that had occurred the day prior, the offenses were separate acts or transactions, and the firearm specifications were required to be run consecutively.

{¶ 20} The trial court failed to comply with the mandatory sentencing provision when it failed to impose consecutive prison terms on all firearm specifications where the offenses were committed as separate transactions. The State's sole assignment of error is sustained.

### III. Conclusion

{¶ 21} The felonious assault and drug trafficking offenses were not committed as part of the same transaction, and the trial court was therefore required to order all of the firearm specifications to be served consecutively.

{¶ 22} The judgment of the trial court is reversed, and this matter is remanded to the trial court to impose consecutive sentences on all firearm specifications.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

MARY J. BOYLE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR